IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GLENN E. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:05CV957 |
| | ) |
| FURNITURELAND SOUTH, INC.; | ) |
| A. DARRELL HARRIS; JASON | ) |
| HARRIS; KEN MACDONALD, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on an unopposed Motion to Dismiss [Document #13] by Defendant Furnitureland South, Inc. ("Furnitureland"). Plaintiff Glenn E. Davis ("Plaintiff") filed this *pro se* suit alleging claims pursuant to Title VII of the Civil Rights Act of 1964. Defendants A. Darrell Harris, Jason Harris, and Ken MacDonald ("the Individual Defendants") were previously dismissed by the Court in a February 6, 2006 Order [Document #10] as improper parties. During the pendency of the suit, Plaintiff Glenn Davis died. At the Initial Pretrial Conference in this case on April 19, 2006, no one appeared on behalf of Plaintiff or his estate. Defendant Furnitureland subsequently filed a Suggestion of Death [Document #12] on June 6, 2006, stating that Plaintiff had died during the pendency of the action. The Suggestion of Death was served on the parties and on Plaintiff's wife and Plaintiff's mother pursuant to Federal Rule of Civil Procedure 25.

Under Rule 25, "[i]f a party dies and the claim is not thereby extinguished, the court may

order substitution of the proper parties." However, "[u]nless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." Pursuant to this Rule, Defendant Furnitureland waited 90 days after filing the Suggestion of Death, and after no Motion for Substitution was made by Plaintiff's estate or his heirs or beneficiaries, Defendant Furnitureland filed the present Motion to Dismiss. The Motion to Dismiss was served on Plaintiff "or his personal representative" at his last known address, and was also served on Plaintiff's wife and on Plaintiff's mother. In addition, the Clerk of Court sent a Letter [Document #15] addressed to Plaintiff and to his wife noting that the Motion to Dismiss had been filed, and that unless a Response was filed within 20 days, it was likely the case would be dismissed. However, it has now been over 140 days since the Suggestion of Death was filed, and over 45 days since the Motion to Dismiss was filed, and no Motion for Substitution or Response to the Motion to Dismiss has been filed.

Based on this record, the Court finds that Plaintiff Glenn Davis has died during the pendency of this suit, and despite proper notice, no representative of his estate or other party has moved to substitute themselves as plaintiff within 90 days after the Suggestion of Death was entered on the record. The Court further finds that no representative of Plaintiff or his estate has responded in any manner to Defendant Furnitureland's Motion to Dismiss pursuant to Rule 25. The Court therefore concludes that pursuant to Rule 25, this case should be dismissed.

IT IS THEREFORE ORDERED that Defendant Furnitureland's Motion to Dismiss

[Document #13] is GRANTED, and all of Plaintiff's remaining claims are DISMISSED pursuant to Federal Rule of Civil Procedure 25.

This, the 2nd day of November, 2006.

_____
United States District Judge